**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:23CV-P286-JHM**

**CORY PAUL DUPIN**                                                                                           **PLAINTIFF**

**v.**

**DETECTIVE DANIEL TAYLOR**                                                                          **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Cory Paul Dupin filed the instant *pro se* 42 U.S.C. § 1983 action. He filed a complaint (DN 1) and later filed a motion to amend the complaint (DN 12). Upon review, the motion to amend (DN 12) is **GRANTED**. *See* Fed. R. Civ. P. 15(a)(1). The complaint and amended complaint are now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections. He sues Louisville Metro Police Department Detective Daniel Taylor in his official capacity only.

Plaintiff asserts in the complaint that Defendant Taylor conducted an interrogation of him in March 2018 in the Dubois County Jail in Jasper, Indiana. He states that Defendant Taylor "did NOT inform Mr. Dupin of charges, led Mr. Dupin in coercion in manor of questioning during police procedure and stated that Mr. Dupin admitted guilt when he in fact did NOT." Plaintiff alleges that this violates the Fifth and Fourteenth Amendments. He states, "In any mirandized case this is a violation of due process claus and grounds for dismissal and or any evidence produce by Detective Daniel Taylor can and may be inadmissible." He further asserts, "It doesn't make sense for I, Mr. Dupin to admit guilt to charges I was never informed of while being led in coercion knowing the judicial process in criminal procedure and knowing I, Mr. Dupin, was being sent back

to prison for technical parole violations . . . ." He maintains that he was "under extreme emotional disturbance in March of 2018 and Det. Daniel Taylor took full advantage of discombobulation." As relief in the complaint, Plaintiff seeks compensatory damages.

In the amended complaint, Plaintiff states, "Due to being a violation of due process claus and grounds for dismissal in any mirandized case. Under 28 U.S.C. §§ 2241, 2254, 2255, Plaintiff request dismissal of [Jefferson Circuit Case] case no. 18-CR-084 and/or federal expungement of entire criminal records also." He also states that he "is still a pre-trial detainee on 65 month old case."[1]

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the

---

[1] Plaintiff also filed three letters (DNs 11, 14, and 17) addressed to the Court stating that Defendant had failed to respond to the complaint. Because Plaintiff is a prisoner suing a government employee, the Court must conduct an initial review of the action pursuant to 28 U.S.C. § 1915A. Only if claims survive this initial review will the Court order Defendant to be served, and no answer or other responsive pleading is due from a Defendant until service has been effectuated. *See, e.g.*, *Townsend v. Schofield*, No. 14-2861-JDT-DKV, 2015 U.S. Dist. LEXIS 119577, at *16 (W.D. Tenn. Sept. 9, 2015) ("Because the Defendants were not served with process . . ., they were under no obligation to answer the complaint[.]")

plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

#### A. 42. U.S.C. § 1983

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

##### *1. Official-capacity claim*

Plaintiff sues Defendant in his official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc.*

3

*Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant is actually against his employer, Louisville Metro Government.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the municipality under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that any action was taken pursuant to a policy or custom of Louisville Metro Government. Accordingly, Plaintiff's official-capacity claim against Defendant must be dismissed for failure to state a claim upon which relief may be granted.

### *2. Individual-capacity claim*

While Plaintiff sues Defendant in his official capacity only, even if he had sued Defendant in his individual capacity, the claim would fail. The Court construes the allegations as asserting a claim for violation of Plaintiff's Fifth Amendment right against self-incrimination, which applies to the states through the Fourteenth Amendment. *Malloy v. Hogan*, 378 U.S. 1, 8 (1964). The Fifth Amendment's Self-Incrimination Clause provides that no person "shall be compelled in any criminal case to be a witness against himself." *McKune v. Lile*, 536 U.S. 24, 35-36 (2002). "[T]he general rule is that a person has no claim for civil liability based on the Fifth Amendment's

4

guarantee against compelled self-incrimination unless compelled statements are admitted against him in a criminal case." *Entzi v. Redmann*, 485 F.3d 998, 1002 (8th Cir. 2007) (citing *Chavez v. Martinez*, 538 U.S. 760, 767 (2003)). Further, "mere coercion does not violate the . . . Self-Incrimination Clause absent use of the compelled statements in a criminal case." *Chavez v. Martinez*, 538 U.S. at 769. "It is only once compelled incriminating statements are used in a criminal proceeding . . . that an accused has suffered the requisite constitutional injury for purposes of a § 1983 action." *McKinley v. City of Mansfield*, 404 F.3d 418, 430 (6th Cir. 2005).

Plaintiff does not allege that any statement has been used against him in a criminal proceeding. Thus, Plaintiff fails to state an actionable claim under the Fifth or Fourteenth Amendment, and the claims will be dismissed for failure to state a claim upon which relief may be granted. However, because Plaintiff appears to allege that the case has not yet gone to trial, his § 1983 claim will be dismissed without prejudice.

### B. 28 U.S.C. §§ 2241, 2254, and 2255

Plaintiff also requests dismissal of his state court criminal action under 28 U.S.C. §§ 2241, 2254, and 2255. However, Plaintiff cannot seek relief under these statutes in the context of this 42 U.S.C. § 1983 action but must file separate actions seeking such relief. Moreover, a challenge to the fact or duration of Plaintiff's confinement, such as to have his charges dismissed, would have to be brought as a petition for writ of habeas corpus and is not cognizable in this § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).

With regard to his request for expungement, Plaintiff does not identify what conviction he seeks to expunge. However, a § 1983 action "is barred (absent prior invalidation) – no matter the

5

relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Because expungement would invalidate Plaintiff's conviction, he cannot seek for such relief under § 1983.

Therefore, Plaintiff's claims under 28 U.S.C. §§ 2241, 2254, and 2255 and requests for dismissal of state court charges and expungement must be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

The Court will enter a separate Order of dismissal for the reasons stated herein.

Date:  October 20, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010